UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA J. BAZZY,

              Plaintiff,              Case No. 19-cv-10541

v.                                       Paul D. Borman
                                         United States District Judge

UNITED STATES OF AMERICA,
U.S. ATTORNEY GENERAL           Mona K. Mazjoub
WILLIAM P. BARR, STATE OF      United States Magistrate Judge
MICHIGAN, MICHIGAN
ATTORNEY GENERAL DANA
NESSEL,

              Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (ECF NO. 2) and DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

Before the Court is Plaintiff's February 22, 2019 Application to Proceed Without Prepayment of Fees. (ECF No. 2.) Plaintiff has filed a sworn Affidavit declaring that she has monthly gross wages of $0.00, and receives $1,933 per month in Social Security Disability Insurance and long term disability insurance benefits. She also declares that she has $10,000 in cash or in a checking or savings account. Plaintiff alleges that she incurs fixed expenses of approximately $1,431.00/month. The Court finds that Plaintiff's Affidavit alleges that she is sufficiently indigent to proceed *in forma pauperis* and GRANTS her application to

proceed without prepayment of fees, but will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief may be granted.

Plaintiff, who proceeds in this matter *pro se*, filed the Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2), along with the Complaint in this matter (Compl., ECF No. 1,), on February 22, 2019. A court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In this case, Plaintiff has supplied an affidavit regarding her financial obligations and income. (ECF No. 2.) Based on this information, the Court grants Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

At the same time, the Court is required to dismiss a complaint filed without prepayment of fees when it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal for this reason, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "[A] plaintiff's obligation to

provide the grounds of his [entitlement] to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The Court is aware that a *pro se* litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, the plaintiff must provide more than just "bare assertions of legal conclusions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Plaintiff's Complaint appears to have been downloaded from a website promoting the repeal of restrictions that have been placed on the prescription and distribution of opioid painkillers, and encouraging individual "volunteers" to file this pleading in federal court as part of a movement calling itself "Operation #Starburst." (*See* Compl. ECF #1, PgID 33, "Operation #Starburst Step-by-Step Instructions for January 2019.") The Complaint may be downloaded from a website called "Sick of Suffering," https://sickofsuffering.com/ (last visited March 27, 2019).

The Complaint alleges that "neither *Twombly* nor *Iqbal* nor the federal pleading rules, require '*pro se*' plaintiffs to set forth the theory supporting the asserted claim for relief," citing *Johnson v. City of Shelby*, 743 F.3d 59, 62 (5th Cir.

2013), *rev'd*, 135 S. Ct. 346 (2014). (Compl., ECF No. 1, PgID 11.) *Johnson* (the reversed Fifth Circuit opinion cited by Plaintiff and the Supreme Court opinion) dealt with pleading 28 U.S.C. § 1983 claims, not dispensing with pleading requirements for *pro se* litigants. The pleading standards discussed above apply to this Complaint, and Plaintiff does not comply. In the Complaint, Plaintiff does not assert any discernible claims and makes no allegation having to do with Plaintiff. It is not clear from Plaintiff's Complaint that she has suffered any specific injury or what damages she seeks. This Court therefore must dismiss this action for failure to state a claim on which relief may be granted.

Accordingly, the Court GRANTS Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2), but DISMISSES Plaintiff's Complaint WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED AND CERTIFIED that any appeal taken by Plaintiff would not be done in good faith.

IT IS SO ORDERED.

Dated: March 28, 2019          s/Paul D. Borman  
                                                Paul D. Borman  
                                                United States District Judge